UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LINDA SUE BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-01250-JES-JEH |
| | ) |
| HELP AT HOME, INC., | ) |
| | ) |
| Defendant. | ) |

# ORDER AND OPINION

The matter now before the Court is the Defendant, Help at Home, Inc.'s, Motion to Dismiss [12]. Defendant has filed a Memorandum [13] of law in support of its Motion to Dismiss, and Plaintiff has filed a Response [17]. For the reasons set forth below, Defendant's Motion [12] is GRANTED. Plaintiff may amend her Complaint within 14 days.

**Background**

Defendant Help at Home, Inc. is a national home healthcare provider. Plaintiff Bell is a former employee of Help at Home. On July 6, 2016, Plaintiff Bell filed a *pro se* Complaint against Defendant Help at Home, Inc., alleging that the Defendant retaliated against the Plaintiff and discriminated against her on the basis of race and national origin. Plaintiff stated that during her orientation the director of the Pekin office of Help at Home, Inc. said, "I know we're not suppose [sic] to discriminate, but I'm here to tell you we do. Pekin is a very prejudice [sic] town and we do this to protect the client and the employer." Doc. 1, p. 4. Bell also stated in her Complaint that she filed a charge with the EEOC and the EEOC investigated the matter, although there is little information provided to the court about the EEOC investigation. Plaintiff included a Notice of Right to Sue letter from the EEOC with her original Complaint. As relief, Plaintiff

1

asked that the Court direct the Defendant to issue a written apology and write a letter of recommendation for Plaintiff, as well as any other damages the Court finds fair under the law.

On July 11, 2016, Plaintiff filed an Amended Complaint. In her Amended Complaint, Plaintiff did not allege any basis for jurisdiction and did not assert any factual allegations. Plaintiff also did not sign her Amended Complaint. Plaintiff stated that she believed that the Amended Complaint and the original Complaint would be taken together and viewed as one complete document. This order follows.

## Legal Standard

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. See *Conley v. Gibson*, 355 U.S. 41 (1957); *Gould v. Artisoft, Inc.*, 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in the Federal Rules of Civil Procedure 8(e). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). The claim for relief must be "plausible on its face." *Id.*; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009). For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true. See *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Hishon v. King & Spalding*, 467 U.S. 69 (1984); *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467 (7th Cir. 1997); *M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 969 (7th Cir. 1995); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75 (7th Cir. 1992).

**Analysis**

In Defendant Help at Home, Inc.'s Motion is Dismiss, Defendant argues that Plaintiff fails to state a claim upon which relief can be granted, failed to sign the Amended Complaint, and does not allege a basis for jurisdiction. Federal courts are courts of limited jurisdiction. Section 1331 confers upon district courts subject matter jurisdiction to hear claims based on federal law: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's original Complaint alleged federal subject matter jurisdiction based on her federal cause of action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e. However, in her Amended Complaint, Plaintiff did not allege any basis for jurisdiction. Bell's Amended Complaint does not indicate which jurisdictional statute or constitutional provision she relies on to establish federal question jurisdiction. She did not check any of the boxes on the form she was provided.

Bell's Amended Complaint also fails to state a claim on which relief can be granted. In the Amended Complaint, Bell states, "I Linda Sue Bell am an American, my case should be just as important as anyone else in this country," but the Amended Complaint makes no substantive factual allegations, nor is there any reference to any authority, statute, or case law. Doc. 4, p. 3. Plaintiff concludes that the decision to terminate her employment was unjust, unfair, and not equal, but provides no further explanation. Motions to dismiss for failure to state a claim upon which relief can be granted are decided under the *Iqbal-Twombly* standard. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A complaint only meets this standard if it alleges nonconclusory facts that, taken as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Allegations must be sufficiently

detailed to apprise the Defendant of the claims against him. *Id*. In Bell's Amended Complaint, she alleges no facts that would state a plausible claim to relief, even if taken as true. Even under the more lenient *pro se* standard, her Amended Complaint is insufficient.

The Court may grant leave to amend defective allegations of subject matter jurisdiction pursuant to 28 U.S.C. § 1653. See also, *Leaf v. Supreme Court of State of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992) ("leave to amend defective allegations of subject matter jurisdiction should be freely given") (citations omitted). Accordingly, it is hereby ORDERED that the Plaintiff file an Amended Complaint not later than fourteen (14) days from the date of entry of this Order. In the Amended Complaint, the Plaintiff shall properly allege the basis for this Court's jurisdiction and comply with the pleading standards of Federal Rule of Civil Procedure 8. Plaintiff should also sign her Second Amended Complaint pursuant to Federal Rule of Civil Procedure 11. Should the Plaintiff choose to file a Second Amended Complaint, she should know that the Court will only look to the new Complaint. It will not be combined with her previous Complaints. The Second Amended Complaint should state all of the facts and allegations Plaintiff alleges entitle her to relief.

**Conclusion**

For the reasons stated above, Defendant Help at Home, Inc.'s Motion [12] to Dismiss is GRANTED. Plaintiff may amend her Complaint within 14 days of this order.

Signed on this __13__ day of __June__, 2017.

                                             _s/ James E. Shadid_
                                             James E. Shadid
                                             Chief United States District Judge