## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LINDA SUE BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-01250-JES-JEH |
| | ) | |
| HELP AT HOME, INC. n/k/a HELP AT | ) | |
| HOME, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER AND OPINION</u>

The matter is now before the Court on the Defendant, Help at Home, Inc. n/k/a Help at Home, LLC's, Motion [21] to Dismiss and Memorandum [22] in support. For the reasons set forth below, Defendant's Motion [21] is GRANTED.

### Background

Defendant Help at Home, Inc. ("Help at Home") is a national home healthcare provider. Plaintiff Bell is a former employee of Help at Home. On July 6, 2016, Plaintiff Bell filed a *pro se* Complaint against Defendant Help at Home, Inc., alleging that the Defendant retaliated against the Plaintiff and discriminated against her on the basis of race and national origin. On July 11, 2016, Plaintiff filed an Amended Complaint. The Amended Complaint was dismissed by this Court because Plaintiff failed to state a claim upon which relief can be granted, failed to sign the Amended Complaint, and failed to allege a basis for jurisdiction. See Doc. 18.

On June 28, 2017, Plaintiff filed a Second Amended Complaint alleging employment discrimination on the basis of her race and national origin and retaliation against her in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 20003, *et seq.*. Therein, Plaintiff alleges that, during her orientation, the director of the Pekin office of Help at Home, Inc. said, "I know

1

we're not suppose [sic] to discriminate but I'm here to tell you we do. Pekin is a very prejudiced town and we do this to protect the client and the employee." Doc. 20, at 4. Plaintiff also states, "[w]hile employed at Help At Home Inc I observed a practice of discriminatory assignment of cases in which non-whites were not given assignments. I was eventually let go after I filed a complaints [sic] with EEOC and IDHR in retaliation for filing the complaints." *Id*. Plaintiff included a Notice of Right to Sue from the EEOC with her Second Amended Complaint.

As relief, Plaintiff asked that the Court direct the Defendant to formally apologize and provide her with a letter of recommendation. She also checked the box on her Complaint form indicating that she requests appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

Plaintiff attached to her Second Amended Complaint a request for a default judgment against Defendant. However, on January 19, 2017, this Court entered a text order stating that Plaintiff's Motion for Default Judgment was moot. Defendant now moves for dismissal of the Second Amended Complaint for failure to state a claim upon which relief can be granted, failure to exhaust administrative remedies as to the claim for national origin discrimination, and failure to attach the charge of discrimination to the Second Amended Complaint. This Order follows.

**Legal Standard**

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. See *Conley v. Gibson*, 355 U.S. 41 (1957); *Gould v. Artisoft, Inc.*, 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in the Federal Rules of Civil Procedure 8(e). More recently, the

Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). The claim for relief must be "plausible on its face." *Id*.; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009). For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true. See *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Hishon v. King & Spalding*, 467 U.S. 69 (1984); *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467 (7th Cir. 1997); *M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 969 (7th Cir. 1995); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75 (7th Cir. 1992).

### Analysis

Plaintiff has failed to provide enough facts in her Complaint to state a valid claim upon which relief may be granted under the *Iqbal-Twombly* standard. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). To establish a prima facie case of discrimination, a plaintiff must plead that: (1) she is a member of a protected class, (2) she was performing well enough to meet her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) similarly situated employees outside her protected class were treated more favorably. *Brummett v. Lee Enterprises, Inc.*, 284 F.3d 742, 744 (7th Cir. 2002). Nowhere in her Complaint does Bell allege that she is a member of a protected class. She claims that Defendant discriminated against her based on her race and national origin, but she never states what race she belongs to or what her national origin is. Plaintiff would need to provide this information in order to properly allege that specific actions of the Defendant were connected to Plaintiff's race or national origin.

Defendant argues that Plaintiff failed to exhaust her administrative remedies before filing a Complaint of national origin discrimination. "Generally, a plaintiff may not bring claims under Title VII that were not originally brought among the charges to the EEOC." *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002). Plaintiff did not allege discrimination based on national origin in her EEOC charge. However, a Plaintiff may proceed on claims not explicitly set out in a charge if the claims are "like or reasonably related" to the claims in the charge and could "be expected to grow out of an EEOC investigation of the charge." *Id*. (internal quotation marks and citation omitted). "[T]he EEOC charge and complaint must at minimum, describe the same conduct and implicate the same individuals." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994).

In the instant case, Plaintiff's claim of discrimination based on national origin may be reasonably related to the claim of discrimination based on race which she alleged in the charge. Depending on what she will allege, should she choose to amend, the two claims may describe the same conduct and implicate the same individuals. Therefore, the Court will reserve a finding on whether Plaintiff has exhausted her administrative remedies in regards to her claim of discrimination based on national origin. *See Gaytan v. City of Chicago*, 2012 WL 2597932 (N.D. Ill. 2012) ("[A]n investigation into the conduct identified in [Defendant's] EEOC charges would likely have encompassed claims for both race and national origin discrimination. [Defendant's] claims will not be dismissed on the grounds that he failed to alert the EEOC to a race discrimination claim in his charges.").

Defendant also argues that Plaintiff must include the EEOC and IDHR charges with her Second Amended Complaint. Plaintiff did attach the charges to her original complaint. Doc. 1, at

7. Also, she attached her Notice of Right to Sue from the EEOC to her Second Amended Complaint. This Court finds this documentation to be sufficient, especially as Plaintiff is *pro se*.

Plaintiff will be given leave to amend and file another Complaint with instructions to provide more facts about her discrimination claims. Plaintiff should add facts to support her claims and to sufficiently put Defendant on notice of the claims against it. Specifically, she should explain what protected class she belongs to. She should disclose her own race and national origin and also provide more facts to show how Help at Home allegedly discriminated against her. If Plaintiff files another Complaint, she may or may not have valid claims for both race and national origin discrimination, depending on the additional facts she provides. Additionally, if Plaintiff chooses to file another Amended Complaint, she should attach both her Notice of Right to Sue and her EEOC charge. Finally, the Court has given the Plaintiff two opportunities to amend the Complaint. Another failure to adequately state a claim against the Defendant may result in dismissal of this case.

## Conclusion

For the reasons stated above, Defendant, Help at Home, Inc. n/k/a Help at Home, LLC's Motion [21] to Dismiss is GRANTED. Plaintiff may amend her Complaint within 14 days of this order.

Signed on this 25 day of July , 2017.

 s/ James E. Shadid
James E. Shadid
Chief United States District Judge