UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LINDA SUE BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-1250-JES-JEH |
| | ) | |
| HELP AT HOME, INC. n/k/a HELP AT HOME, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

# ORDER AND OPINION

Now before the Court is Defendant's Motion (Doc. 60) for Costs. Plaintiff has filed a Response (Doc. 62) alleging indigence. For the reasons set forth below, Defendant's Motion (Doc. 60) is DENIED.

Plaintiff filed the final Amended Complaint (Doc. 26) on August 7, 2017. Defendant filed a Motion for Summary Judgment (Doc. 48) on December 3, 2018, which the Court granted on March 8, 2019. On March 27, 2019, Defendant filed the Motion for Costs, seeking $3,613.47 for costs associated with Plaintiff's deposition and for copying and binding their Motion for Summary Judgment. Doc. 60.

Federal Rule of Civil Procedure 54(d)(1) provides that costs other than attorney's fees should be allowed to the prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. In the Seventh Circuit, courts may deny costs to the prevailing party where the non-prevailing party is indigent. *See Arce v. Chicago Transit Authority*, 738 F. App'x 355, 360 (7th Cir. 2018). In order to do so, courts must first make a

1

threshold factual finding that the non-prevailing party is "incapable of paying the court-imposed costs at this time or in the future," with the burden on the non-prevailing party to make that showing through documentary evidence. *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006). If the non-prevailing party makes this showing, the court must then consider several factors in determining whether to deny costs to a prevailing party: "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case." *Id.*

Here, Plaintiff has provided a statement of her assets under penalty of perjury that establishes she makes $444 per month, or $5,328 per year, which is less than half of the federal poverty level for a single person. *See* Dep't of Health and Human Servs., *Annual Update of the HHS Poverty Guidelines*, 84 Fed. Reg. 1167 (Feb. 1, 2019). She has established that she is a substitute teacher, her only assets are an $800 car and $200 in the bank, she does not expect to make more money in the future, and she cares for her 88-year-old mother. Docs. 61, 62. Plaintiff states that she spends about $200 per month on food, $200 per year on clothing, $200 per year on recreation, and $1,068 on her vehicle, amounting to yearly expenses of about $3,868. Doc. 61, p. 3. The Court finds that Plaintiff has carried the burden of making a threshold showing of indigence.

The Court now turns to the *Rivera* factors. The amount of costs ($3,613.47) is substantial in light of Plaintiff's lack of assets, minimal income, and relatively substantial expenses. The Court further finds that Plaintiff brought this case in good faith. Finally, although the issues in this case were not particularly close or difficult, the Court finds this factor is not determinative, in light of the other factors. Plaintiff will therefore not be required to pay Defendant's costs associated with this action.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Costs (Doc. 60) is DENIED. The Clerk is directed to MOOT Doc. 61, as the long-form *in forma pauperis* application was completed for the sole purpose of determining Plaintiff's financial situation with respect to the Motion for Costs.

Signed on this 23rd day of April, 2019.

/s James E. Shadid
James E. Shadid
Chief United States District Judge